[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #103
The plaintiff has brought this action against the defendant alleging that the defendant an engineer, was employed by the plaintiff's insurer to assist the insurer in connection with a fire loss sustained by the plaintiff. The plaintiff claims that the services performed by the defendant were negligent and as a result the plaintiff suffered monetary damages.
Specifically the plaintiff claims that the defendant failed to discharge his duties in a timely and professional manner, failed to issue reasonable standards for repair and construction in a timely fashion, and caused additional delays in the construction by not promptly rendering CT Page 1326 its services in a professional manner.
The defendant has filed a motion to strike the second count of the complaint which purports to state a cause of action pursuant to the Connecticut Unfair Trade Practices Act (CUTPA).
A claim pursuant to CUTPA does not lie against a professional such as an attorney or a health care provider in connection with their rendition of professional services as opposed to the entrepreneurial aspect of such profession. Beverly Hill Concepts, Inc. v. Schatz Schatz, 247 Conn. 48
(1998); Haines v. Yale-New Haven Hospital, 243 Conn. 17 (1997). There would appear to be no good reason why such holdings would not also apply to an engineer who is sued in connection with his rendition of professional services. In the court's opinion, the allegations of the complaint do relate to the rendition of professional services by the defendant.
The plaintiff argues however that its CUTPA claim is based upon an allegation that the defendant breached its contract with the insurer rather than on a claim of professional malpractice. However, there are two problems with the argument. First, the alleged breach of contract itself is predicated upon claims of professional malpractice. The plaintiff cannot avoid the above holding by casting its claim as one of breach of contract when any breach would be based on a claim of professional malpractice. Second, a majority of Superior Court cases hold that a simple breach of contract cannot support a CUTPA claim. SeePhillips Indust. Service Corp. v. Connecticut Light Power Co. and cases cited therein, 1999 WL 185187 (Conn.Super. 1999, Levin, J.).
The plaintiff also argues that it has alleged that the defendant operated as a corporation when he knew that such corporation had been dissolved by the Secretary of State. CUTPA requires that an unfair trade practice result in an ascertainable loss of money. The status of the defendant as it relates to the plaintiff herein cannot possibly be the proximate cause of any loss to the plaintiff so as to support a CUTPA claim.
For the above reasons the motion to strike the second count of the complaint is granted.
Bruce W. Thompson, Judge